CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 27 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00055 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MIRANDA NICOLE HARTMAN, | ) | |
| formerly Miranda Nicole Harmon, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a one-count Indictment charging defendant in Count One with escaping, or attempting to escape, from the custody of the Attorney General or his authorized representative, or from any institution or facility in which she was confined by direction of the Attorney General, or from any custody under, or by virtue of any process issued under, the laws of the United States by any court, judge, or magistrate judge, or from the custody of any officer or employee of the United States pursuant to a lawful arrest, and that the custody and confinement was by virtue of a charge and conviction for a felony, in violation of Title 18, United States Code, Section 751.

On January 26, 2006, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment.

At this hearing the defendant was placed under oath and testified that her full legal name is

Miranda Nicole Hartman[1], that she was born on August 25, 1980, and that she received a high school education. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug. Defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that she had received a copy of the Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offense with which he is charged in Count One is a felony and that, if her plea is accepted, she will be adjudged guilty of that offense. Moreover, the defendant testified that she understood that she will be required to pay a mandatory assessment of $100.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One, is five years imprisonment and a fine of $250,000, together with supervised release. The government informed the court that the parties had agreed that the government would recommend that any sentence imposed run concurrently with the

---

[1]On November 21, 2005, the court orally granted the government's motion to amend/correct the Indictment to reflect that defendant's last name is Hartman. (Dkt Rpt No. 10.)

sentencing defendant presently is serving.² The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney had given her and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove

---

²There is no plea agreement in this case, and this sentencing recommendation represents the only matter about which the parties have an agreement.

3

       her guilt beyond a reasonable doubt;
3.    The right of assistance of counsel at trial and in any subsequent appeal;
4.    The right to see, hear and cross-examine witnesses;
5.    The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6.    The right to decline to testify unless she voluntarily elects to do so in her own defense;
7.    The right to a unanimous guilty verdict; and
8.    The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of these charges, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant also stated that she believed her counsel's representation had been effective. The defendant testified that she understood the possible consequences of her plea. The defendant asked the court to accept her plea of guilty to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived her right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

Had this case proceeded to trial the government would have proved by competent and admissible evidence, beyond a reasonable doubt, that the defendant, Miranda Nicole Hartman a.k.a. Miranda Nicole Harmon, committed acts that constitute a violation of the one count indictment before the Court in this case, a violation of Title 18, United States Code, Section 751. Specifically, defendant attempted to escape from U.S. custody on October 27, 2005, at approximately 1:40 pm. At that time

4

she was being held pursuant to a warrant issued by a U.S. Magistrate Judge and transported to the Harrisonburg, Rockingham County Jail from Waynesboro. During the transport, defendant got out of her handcuffs and threatened to, and attempted to, get through the plexiglass wall that protected the driver of the vehicle. The driver drove to an enclosed area in the Rockingham County Jail where defendant was removed from the transport vehicle and subdued after a struggle. During a number of occasions after defendant escaped from her handcuffs she was given clear commands and did not obey them. At other times defendant verbally taunted the driver of the transport vehicle. All of the above conduct occurred in the Western District of Virginia. In addition, defendant was in custody by virtue of a charge and conviction for a felony. Lastly, the government would have proved beyond a reasonable doubt that defendant had no applicable defense to this charge.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for April 17, 2006 at 3:00 p.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

January 27, 2006
Date